Megan J. Crowhurst, Bar No. 50795
mcrowhurst@littler.com
Anne E. Reuben, Bar No. 53299
areuben@littler.com
Christine E. Sargent, Bar No. 61088
csargent@littler.com
LITTLER MENDELSON, P.C.
600 University Street
One Union Square - Ste 3200
Seattle, WA 98101
Telephone:  503.221.0309
Facsimile:   503.242.2457

Barry Hartstein, *pro hac vice pending*
bhartstein@littler.com
LITTLER MENDELSON, P.C.
321 N Clark Street
Suite 1100
Chicago, IL 60654
Telephone:  312.795.3260

Attorneys for Defendant
*Fred Meyer Stores, Inc.*

The Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>Defendant. | Case No. 4:24-cv-5085<br><br>**DEFENDANT'S FRCP 12(b) AND 12(f) MOTION TO DISMISS, OR FRCP 12(e) MOTION FOR A MORE DEFINITIVE STATEMENT**<br><br>11/19/2024<br>Without Oral Argument |

Pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(f), Defendant Fred Meyer Stores, Inc. ("Defendant" or "Fred Meyer") moves to dismiss untimely claims brought by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), on behalf of an unidentified "class" of aggrieved female employees. The EEOC's "class" claims are based on alleged acts occurring more

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 1

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

than 300 days before the "filing" date of the EEOC's "class" claims or, in the alternative, more than 300 days before Charging Party Melissa Lozano ("Lozano") filed her discrimination charge with the EEOC. Accordingly, the "class" claims must be dismissed as time-barred, and the continuing violation doctrine cannot revive claims for aggrieved potential plaintiffs outside the statutory time period and who never filed claims with the EEOC. If the Court finds the EEOC has timely pled its class claims, pursuant to Rule 12(e), the Court should nevertheless require the EEOC to provide a more definitive statement as to the scope of the alleged class of aggrieved female employees.

I.  **INTRODUCTION**

This suit stems from an individual charge of sex discrimination filed on January 5, 2022 by a former Fred Meyer employee, Lozano, who alleged a male coworker subjected her to unlawful sexual harassment and a hostile work environment between May and November 2021. On August 24, 2023, without any prior notice to Fred Meyer of its expanded class-wide investigation, the EEOC issued a "reasonable cause" Determination as to Lozano, and also concluded that reasonable cause existed "that the male coworker also subjected a class of similarly situated female employees to sexual harassment from May 2014 to December 2021."

The EEOC now seeks to improperly expand this straightforward single plaintiff case into a lawsuit brought under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-6(a), on behalf of an unidentified "class" of "similarly aggrieved" female employees.[1] Yet, the EEOC is still bound by the 300-day limitations period set forth in 42 U.S.C. § 2000e-5(e)

---

[1] The Complaint does not allege or otherwise indicate that the EEOC seeks to pursue pattern-or-practice claims under Section 707 of Title VII of the Civil Rights Act of 1964, to challenge any alleged systemic or wide-spread discrimination. Instead, the Complaint is focused on the conduct of a single male employee at a single Fred Meyer location in Richland, Washington.

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 2

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

for its "class" claims and is barred from bringing claims based on conduct that occurred more than 300-day before the "filing" date of the EEOC's "class" claims. For the purposes of this action, the "filing" date for the EEOC's "class" claims is August 24, 2023, i.e., the date on which the EEOC first notified Fred Meyer it was expanding its investigation to encompass "similarly aggrieved" female employees.

As pled in the Complaint, all of the claims brought on behalf of similarly aggrieved individuals are based on alleged conduct occurring between 2017 and 2021, well before October 28, 2022, *i.e.*, 300 days prior to the date the EEOC first notified Fred Meyer of its expanded class-wide investigation. These claims are thus time-barred. Accordingly, all "class" claims should be dismissed as time-barred because the appropriate scope of any class is limited to other aggrieved female employees at Fred Meyer's Richland, Washington location who were allegedly subjected to harassing conduct from the same male coworker on or after October 28, 2022.

For these reasons, the Court should dismiss the EEOC's "class" claims with prejudice and without leave to amend. Alternatively, if the Court determines the "filing" date to be the date Lozano filed her Charge, all "class" claims based on conduct occurring before March 11, 2021 should be dismissed and the EEOC should be required to provide a more definitive statement as to the remaining "class" claims.

## II.     FACTUAL BACKGROUND

### A.     Administrative Procedural History

On January 5, 2022, Melissa Lozano filed an individual Charge of Discrimination ("Charge") with the EEOC against Defendant alleging discrimination based on her sex.[2] **Exhibit A** (Lozano's Charge); ECF No. 1, Compl.

---

[2] It is appropriate for the Court to consider the Charge, the EEOC's Determination, and other documents from the EEOC's investigation file because they are "central

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 3

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

¶ 6. Lozano's Charge did not assert any class allegations. *Id.* On April 29, 2022 Defendant filed a position statement denying the allegations in the Charge. **Exhibit B** (Position Statement).

Sixteen months later, on August 17, 2023, the EEOC issued a Determination to Fred Meyer that found Lozano "was subjected to sexual harassment by a male coworker from May 2021 to December 2021," but did not include any class findings. **Exhibit C** (Determination); ECF No. 1, Compl. ¶ 7. On August 24, 2023, the EEOC issued an "Amended Determination" to Fred Meyer, in which it indicated for the first time the EEOC's expanded investigation into potential "class" claims. This was the first time Fred Meyer learned it would need to defend against claims brought on behalf of anyone other than Lozano. **Exhibit D** (Amended Determination)[3]; ECF No. 1, Compl. ¶ 7.

Notably, the EEOC did not identify (and has not at any other time identified) any other discrimination charges filed against Defendant alleging similar facts at the same location where Lozano worked between the date of Lozano's Charge and its Amended Determination or any other period. Nor did the EEOC make any finding with respect to the sex discrimination and retaliation claims alleged in Lozano's Charge. *See id.* ("The Commission makes no finding with regard to any other

---

to plaintiff's claim and no party questions their authenticity." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1137-38 (C.D. Cal. 2010) (citing *Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007) ("Review is generally limited to the contents of the complaint, but a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document") (omitting other citations).

[3] This Amended Determination found in relevant part "the male coworker subjected a class of similarly situated female employees to sexual harassment from May 2014 to December 2021," and Fred Meyer "knew or should have known about the sexual harassment and repeatedly failed to take prompt, effective action to end the harassment, despite multiple complaints from [Lozano] and other female employees."

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 4

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

basis/issues and/or statute alleged or construed to have been raised in the subject charge.").

After the issuance of the Amended Determination, the EEOC engaged in conciliation discussions with Fred Meyer. On September 28, 2023, the EEOC abruptly ended conciliation efforts and issued a Notice of Failure of Conciliation to Defendant. **Exhibit E** (Notice of Failure of Conciliation); ECF No. 1, Compl. ¶ 10. Nearly *one year* later, on July 16, 2024, the EEOC filed its Complaint alleging Defendant subjected Lozano and a "class of similarly aggrieved female employees to unlawful harassment and a hostile work environment because of sex (female)." ECF No. 1, Compl.

**B.     Allegations Related to the Claims Brought on Behalf of "Other Similarly Aggrieved Female Employees."**

The Complaint alleges that Lozano experienced "inappropriate conduct" between May and November 2021 due to an unidentified male employee's behavior toward her. *Id.*, at ¶¶ 26-43.  Important to this Motion, the EEOC also alleges that "other similarly aggrieved female employees at Defendant's Richland location" were subjected to "repeated verbal and physical sexual conduct since at least 2017" from the same unidentified male employee. *Id.* at ¶ 14.

With respect to the "similarly aggrieved female employees," the Complaint asserts the following "factual" allegations consisting of conclusory statements and isolated incidents allegedly experienced by five employees—not including Lozano:

1.    Over a three-year period from **2017 to 2020**, the male employee asked a "female Apparel Manager" to meet him outside of work, asked her to approve register overrides, and wolf whistled at her. *Id.* at ¶¶ 16-19. This represents the entirety of the allegations that are specific to "female Apparel Manager."

2.    Over a four-year period from **2017 to 2021**, the male employee made

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 5

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

comments to a "female Apparel Associate" about her appearance, invited her to his cabin, followed her home outside of work, and waited for her after work. *Id*. at ¶¶ 20-22. This represents the entirety of the allegations that are specific to "female Apparel Associate."

      3.      On a single occasion in **March 2021**, the male employee looked at a "female Hardline Clerk," remarked on her body, asked if she was losing weight, and pressed his hand near her genitals. Fred Meyer suspended the male employee and gave him a final warning as a result. *Id*. at ¶¶ 23-25.

      4.      Between **August 2021 and December 2021**, the male employee stared at "another female Apparel Clerk" and made "inappropriate sexual comments" about how clothes looked on her body and that she looked good. *Id*. at ¶¶ 44-46. This represents the entirety of the allegations that are specific to "another female Apparel Clerk."

      5.      In **December 2021**, the male employee showed a "female Closing Manager" an ad for a revealing mini dress and commented that it would look good on her. *Id*. at ¶¶ 47-48. Fred Meyer terminated the male employee after this incident. *Id.*

The EEOC then conclusorily alleges that Defendant "had constructive and actual notice of offensive and unwelcome sexual conduct by the male Clerk by Lozano and similarly aggrieved female employees since at least 2017 but failed to take prompt or effective corrective action to stop the harassment"; "deprive[d] Lozano and other similarly aggrieved female employees of equal employment opportunities because of their sex"; and that Defendant's practices were "intentional" or "done with malice or with reckless indifference to the federally protected rights of Lozano and other similarly aggrieved female employees." ECF No. 1, ¶¶ 49-52.

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 6

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Colwell v. Dep't of Health and Human Servs.*, 558 F.3d 1112 (9th Cir. 2009). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8(a)(2). *Id.* at 679. Further, a party may raise a timeliness defense in a 12(b)(6) motion where, as here, "the running of the statute is apparent on the face of the complaint…" *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath,* 100 F.3d 1476, 1479 (9th Cir. 1996). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 7

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

## IV. ARGUMENT

### A. The EEOC's claims on behalf of aggrieved individuals based on activity prior to October 28, 2022 are time-barred as a matter of law.

All of the EEOC's claims alleged on behalf of "similarly aggrieved" individuals are time-barred under the statute of limitations. The EEOC can only seek relief on behalf of those individuals who were allegedly subjected to the unlawful employment practices during the 300 days before Fred Meyer received notice that the EEOC was expanding its investigation into potential "class" claims and not just the claims alleged by Lozano. *See EEOC v. Optical Cable Corp.,* 169 F. Supp. 2d 539, 547 (W.D. Va. 2001) (citing *EEOC v. General Elec. Co.,* 532 F.3d 359, 371 (4th Cir. 1976)); *EEOC v. Freeman,* Case No. RWT 09CV2573, 2011 WL 337339, at *4 (D. Md. Jan. 13, 2011). While the EEOC was not required to file a new charge that included "class" claims, Fred Meyer was entitled to notice of the EEOC's expansion of its investigation. The EEOC did not provide such notice until it issued its Amended Determination on August 24, 2023. *See* **Exhibit D**; ECF No. 1, Compl. ¶ 7

#### 1. The 300-day statute of limitations applies to the EEOC's "class" claims.

Generally, for a Title VII claim under Section 706 to be timely, it must be filed within 300 days of an unlawful employment practice, whether that is a discrete discriminatory or retaliatory act, or some act that is part of a hostile work environment. 42 U.S.C. § 2000e-5(e)(1); *see also Amtrak v. Morgan,* 536 U.S. 101, 118 (2002) ("The charge … must be filed within the … 300-day time period after the discrete discriminatory act occurred."); *Maliniak v. City of Tucson,* 607 Fed.

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 8

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

App'x 626, 627-28 (9th Cir. 2015). The failure to file a charge within the 300-day time frame usually operates to bar that person from bringing a lawsuit for failure to exhaust their administrative remedies. *See Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982)).

When the EEOC brings a "class" action on behalf of aggrieved employees, it may allow employees who did not file a charge to "piggyback" onto a timely charge filed by another employee. *Id*. Under this "piggyback" or "single-filing" rule, claims in an EEOC class action must allege acts of discrimination, harassment, or retaliation as to the ***aggrieved employees*** that occurred within 300 days preceding the charging party's Charge of Discrimination. *Id.* at 1203 (citing *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1442 (9th Cir. 1984)); *see also EEOC v. Bass Pro Outdoor World, LLC*, No. 4:11-CV-3425, 2013 WL 1124063 (S.D. Tex. Mar. 18, 2013) ("[T]he 300 day period applies to all of the EEOC's claims, whether they are brought under § 706 or § 707."); *EEOC v. Global Horizons, Inc.*, 904 F. Supp. 2d 1074, 1092 (D. Haw. 2012) ("When investigating and acting on such charges of discrimination, the EEOC must act in accordance with the procedures set forth in § 706 … One such procedure mandates that any charge of discrimination be filed within 300 days of the alleged unlawful employment practice.").

However, where class or representative claims are ***not*** asserted in the original charge, the relevant date for purposes of the 300-day time bar is the date the EEOC notifies the employer that it is expanding its investigation to encompass claims of other aggrieved individuals. *See Optical Cable Corp.,* 169 F. Supp. 2d at 547 (citing *General Elec. Co.*, 532 F.3d at 371) ("I find that the "filing" dates for the race and gender pattern or practice charges were the dates on which the EEOC notified Defendant that it was expanding its investigation to encompass these charges.");

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 9

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

1 *Freeman*, 2011 WL 337339, at *4 (same); *Equal Emp. Opportunity Comm'n v. Army Sustainment, LLC*, No. 1:20-CV-234-RAH-CWB, 2023 U.S. Dist. LEXIS 171406, 2023 WL 6276341, at *4 (M.D. Ala. Sept. 26, 2023) (concluding that the statute of limitations began to run 180 days prior to the filing of the earliest "representative charge" because EEOC informed defendant that it was basing pattern and practice claims on that charge); *EEOC v. Waste Indus. U.S.A., LLC*, No. 1:23-CV-04293-JPB-JEM, 2024 U.S. Dist. LEXIS 94468, at *20 (N.D. Ga. May 28, 2024) (same, noting the EEOC did not challenge this assertion).

### 2. The "filing" date for the EEOC's "class" claims is August 24, 2023; thus, all conduct that pre-dates October 28, 2022 is time-barred.

Prior to August 24, 2023, there was nothing to suggest Fred Meyer would need to defend against any "class" claims or individual claims brought on behalf of anyone other than Lozano. Accordingly, the appropriate "filing" date of the "class" claims is August 24, 2023, when the EEOC first notified Defendant that it would be seeking relief on behalf of a class of "similarly aggrieved female employees." *Optical Cable Corp.*, 169 F. Supp. 2d at 547 ("the 'filing' dates for the … pattern or practice charges were the dates on which the EEOC notified [the employer] that it was expanding its investigation to encompass these charges."). This means that only claims on behalf of "class" members who were allegedly similarly harassed or discriminated against on or after October 28, 2022, *i.e.,* 300 days prior to the notice, may be viewed as eligible "class" members entitled to relief; any earlier claims are time-barred. *See id.*; *Freeman*, 2011 WL 337339, at *4 (claimants limited to those who were adversely impacted within the applicable limitations period of notice of expanded charge).

Here, all of the EEOC's claims brought on behalf of "similarly aggrieved

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 10

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

female employees" occurred before October 28, 2022, and therefore must be dismissed with prejudice as time-barred.

### B. At a minimum, the EEOC's Claims on behalf of aggrieved individuals based on activity prior to Lozano's Charge filing are time-barred as a matter of law.[4]

To the extent the Court determines that the filing of Lozano's Charge on January 5, 2022 triggers the statute of limitations—and not the date the EEOC put Defendant on notice of its expanded class-wide investigation—the majority of the EEOC's claims on behalf of aggrieved individuals other than Lozano are still time-barred. *See* **Exhibit A**.

Courts applying this broader statute of limitations have held that Section 706 limits the class of employees on whose behalf the EEOC may seek relief to only those employees who experienced an unlawful discriminatory or harassing act during the 300 days before the date of the filing of the charge. *See Horne*, 816 F.3d at 1204 (holding that only "aggrieved employees who alleged acts of discrimination, harassment, or retaliation—the kind of discriminatory conduct alleged in [the charging party's] charge—within the 300 days preceding [the charging party's] initial charge have made timely claims"); *EEOC v. FAPS, Inc.*, Civ. No. 10-3095 (JAP)(DEA), 2014 WL 4798802 (D.N.J. Sept. 26, 2014) ("The plain language of Section 706(e)(1) clearly precludes the EEOC from seeking relief for individuals who could not have filed an EEOC charge during the filing period."); *EEOC v. PBM Graphics Inc.*, 877 F. Supp. 2d 334, 353-54 (M.D.N.C. 2012) ("[T]he EEOC may not seek relief on behalf of individuals who allegedly suffered discrimination more

---

[4] Courts are split as to the proper date for triggering the statute of limitations for "class" claims. *See, e.g., Freeman*, 2011 WL 337339, at *3 ("[T]here are no appellate court decisions and few district court decisions that address the 300-day time bar, let alone that address how an expanded investigation affects the relevant date for purposes of the 300-day time bar.").

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 11

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

than 180 days prior to the filing of the EEOC's charge, and the continuing violation doctrine, which revives stale claims, not stale parties, is inapplicable to the facts of this case, at least for individuals who suffered discrimination entirely outside of the statutory period, unless the worker also experienced discrimination within the statutory period as well.").

Thus, any individual who was allegedly subjected to the harassment and hostile work environment from the male coworker prior to March 11, 2021, as alleged in the Complaint, cannot be part of the purported aggrieved class as a matter of law. This includes all claims brought by the EEOC in this action on behalf of (1) "a female Apparel Manager" (ECF No. 1 ¶¶ 16-19), (2) "female Apparel Associate" (ECF No. 1 ¶¶ 20-22), and (3) "female Hardline Clerk" (ECF No. 1 ¶¶ 23-25).[5] All of the allegations related to these individuals occurred before March 11, 2021, and the Court should dismiss them as time-barred.

### C. The continuing violation doctrine does not save the untimely claims by "similarly aggrieved female employees."

To the extent the EEOC contends that the continuing violation allows the time-barred claims of "similarly aggrieved female employees'" to survive, the EEOC is mistaken. The continuing violation doctrine only permits the revival of stale claims, not stale parties. Where the EEOC seeks to enlarge the number of individuals entitled to recover rather than the claims a single individual may bring, the doctrine has no applicability. *Freeman,* 2010 WL 1728847, at *6; *EEOC v. Discovering Hidden Haw. Tours, Inc.*, No. 17-00067 DKW-KSC, 2017 WL 4202156, at *6 (D. Haw. Sep. 21, 2017) (same).

---

[5] The Complaint does not specify when in March 2021 this allegedly occurred with respect to Claimant 3. To the extent it occurred before March 11, 2021, the claims are time-barred.

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 12

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

In other words, the continuing violation doctrine does not serve to expand the class of individuals for whom the EEOC may seek relief. As the *Freeman* Court explained in addressing the unique nature of hostile work environment claims:

> The continuing violation permits the inclusion of additional, but otherwise time-barred, *claims*—not the inclusion of otherwise time-barred *parties*. This equitable exception to the 300-day filing period allows an individual who filed a timely charge to recover for acts outside the filing period if the nature of the claim involves repeated conduct constituting a single unlawful employment practice. It does not, however, excuse a complainant from adhering to the statutory time limits for filing a charge.

*Freeman,* 2010 WL 1728847, at *4-5 (emphasis in original).

Here, the EEOC seeks to revive claims on behalf of stale parties who did not experience any discriminatory acts inside the 300-day filing period. To use the continuing violation doctrine in such a way expands the doctrine beyond its traditional boundaries. In its proper application, "[i]t does not matter that some component acts of the claim fall outside the statutory time period," because the claim is "based on the cumulative effect of individual acts" suffered by the **same employee**. *Morgan,* 536 U.S. at 117. Accordingly, this Court should not permit the untimely claims by the unidentified "similarly aggrieved female employees" to proceed under the continuing violation doctrine.

### D. If the Court denies the motion to dismiss, it should require a more definitive statement.

To the extent the Court declines to dismiss the EEOC's claims brought on behalf of similarly aggrieved females as time-barred, Defendant requests that the Court require a more definitive statement under Rule 12(e). Under Rule 12(e), "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 13

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

reasonably prepare a response."

As discussed above, the EEOC sets forth allegations with respect to five unidentified female employees that allegedly occurred "[s]tarting in or about 2017 and continuing through 2021," as well as "[in] or about March 2021," leaving Fred Meyer to guess whether and *when* the allegedly harassing behavior occurred within the statutory time period. See ECF No. 1, Compl. ¶¶ 20-25. The Complaint therefore fails to demonstrate that each aggrieved employee has claims that are plausible on their face, and thus, fails to put Defendant on notice as to the scope of the purported "class" of individuals. *See cf*. U.S. E.E.O.C. v. Pioneer Hotel, Inc., No. 2:11-CV-01588-LRH, 2013 WL 3716447, at *3 (D. Nev. July 15, 2013) (finding class allegations sufficient at the pleading stage when the complaint alleged the protected class, the particular location, the departments involved, and specific behavior and language).

Simply put, because the EEOC does not allege the most basic information about the alleged aggrieved employees—such as how many aggrieved employees make up the class, the dates the aggrieved employees experienced the alleged harassing conduct from the male employee, or how frequently each individual aggrieved employee was subjected to this conduct based on her sex—Fred Meyer cannot truly assess whether certain purported individual claims are untimely or meet the plausibility standard.[6] *See generally*, ECF No. 1. The Complaint's lack of

---

[6] Note that for Fred Meyer to be liable under Title VII for conduct giving rise to a hostile environment, the EEOC must prove with respect to each aggrieved employee (1) that she was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that this conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Horne*, 816 F.3d at 1206, *citing Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000). Without alleging the dates or frequency of the alleged harassing conduct for the five unidentified employees in paragraphs 16-15 and 45-48 of the Complaint, the EEOC fails to sufficiently pled either the severity or pervasiveness required for a harassment claim in order to survive dismissal. *See Discovering Hidden Haw. Tours*, 2017 WL 4202156, *9-10, 13.

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 14

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

specificity about the scope of the class simply does not comport with Rule 8 pleading standards. *EEOC v. JBS USA, LLC*, No. 8:10CV318, 2015 WL 4506709, at *6–7 (D. Neb. July 24, 2015) (noting that class allegations would be sufficient if they identified "the time frame in which the alleged violations occurred; the names of two presently identified victims; a general description of the class of aggrieved persons; the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; the types of conduct to which the named claimants and the unidentified class were subjected; and the remedies being sought" (citing *EEOC v. United Parcel Serv., Inc.*, No. 09–CV–5291, 2013 WL 140604, at *4 (N.D. Ill. Jan. 11, 2013))). This notable lack of specificity as to the EEOC's class allegations raises serious concerns that the EEOC is attempting to use this lawsuit to improperly fish for other allegedly aggrieved individuals, while at the same time refusing to allow Fred Meyer to properly defend itself or the Court to tailor discovery appropriate to the claims asserted in the Complaint.

In sum, the Complaint fails to "provide notice to Defendant of the scope of liability such that it can feasibly answer the Complaint." *EEOC v. Il Fornaio (America) LLC, et al.*, Case No. 2:22-cv-05992-SPG-JPR, 2024 WL 4003318, at *4 (C.D. Cal. Apr. 3, 2024). This is fatal. Fred Meyer has a right to know—and the federal pleadings rule require the EEOC to plead—what happened to the aggrieved employees and *when*—particularly the unknown and unidentified employees. As such, should the Court decline to dismiss the class claims, it should at the very least require the EEOC to provide a more definitive statement.

## V.   CONCLUSION

For the foregoing reasons, Defendant Fred Meyer Stores, Inc. respectfully requests that this Court dismiss with prejudice all claims brought on behalf of the "class of similarly aggrieved female employees" as barred by the applicable statute of

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 15

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

1 limitations, or in the alternative, require the EEOC to provide a more definitive
2 statement specifying the scope of the alleged class, the aggrieved conduct, and the
3 dates on which it occurred.

4 Dated:  September 30, 2024

*/s/ Anne E. Reuben*
Anne E. Reuben, Bar No. 53299
areuben@littler.com

*/s/ Megan J. Crowhurst*
Megan J. Crowhurst, Bar No. 50795
mcrowhurst@littler.com

*/s/ Christine E. Sargent*
Christine E. Sargent, Bar No. 61088
csargent@littler.com
LITTLER MENDELSON, P.C.
600 University Street
One Union Square - Ste 3200
Seattle, WA 98101
Telephone:  503.221.0309
Facsimile:   503.242.2457

*/s/ Barry Hartstein*
Barry Hartstein, *pro hac vice pending*
bhartstein@littler.com
LITTLER MENDELSON, P.C.
321 N Clark Street
Suite 1100
Chicago, IL 60654
Telephone:  312.795.3260

Attorneys for Defendant
*Fred Meyer Stores, Inc.*

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 16

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on September 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

**Attorneys for Plaintiff**

Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
San Francisco, CA 94102

Damien A. Lee, Assistant Regional Attorney
Brian Hong, Senior Trial Attorney
Clive Pontusson, Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
brian.hong@eeoc.gov
clive.pontusson@eeoc.

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct. Executed on September 30, 2024, at Seattle, Washington.

*/s/ Noemi Villegas*
Noemi Villegas
NVillegasDiaz@littler.com
**LITTLER MENDELSON, P.C.**

4868-4517-3984.9 / 108757-1026

DEFENDANT'S MOTION TO DISMISS
OR FOR A MORE DEFINITIVE STATEMENT - 17

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309