THE HONORABLE THOMAS O. RICE

Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102

Damien A. Lee, Assistant Regional Attorney
Brian Hong, Senior Trial Attorney
Clive Pontusson, Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA  98104
Tel: (206) 576-3044
damien.lee@eeoc.gov
brian.hong@eeoc.gov
clive.pontusson@eeoc.gov

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.<br>Defendant. | CIVIL ACTION NO. 4:24-cv-05085-TOR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR MOTION FOR A MORE DEFINITE STATEMENT**<br>With Oral Argument Requested:<br>11/19/2024 10:30 am (Proposed) |

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 1 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

I.     INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC) filed this Title VII suit against Defendant Fred Meyer, Inc. because it failed to stop continuous sexual harassment of multiple female employees by one male employee at its Richland, Washington store from 2017 through 2021. (ECF No. 1). Ignoring Supreme Court precedent and dispositive Ninth Circuit case law, Defendant filed this motion to dismiss under Federal Rule 12(b)(6) or for a more definite statement under Federal Rule 12(e). (ECF No. 5). Instead, Defendant relies on a smattering of non-controlling and unpersuasive cases to argue that the EEOC's claims for a class of aggrieved individuals are untimely. Defendant's motion fails because the EEOC's Complaint alleges sufficient facts to support its timely claims that Defendant created a sexually hostile work environment affecting similarly aggrieved employees, including the types of sex-based mistreatment they experienced and from whom, the dates of the harassing conduct, and Defendant's knowledge of the mistreatment and failure to address it. The Ninth Circuit resoundingly rejected the same arguments Defendant now makes in *Arizona v. Geo Group, Inc.*, 816 F.3d 1189 (9th Cir. 2016), *cert. denied*, 580 U.S. 1048 (2017). Charging Party Melissa Lozano's January 5, 2022, EEOC charge, which Defendant attached to its motion, clearly establishes that Defendant had notice that there were similarly aggrieved female class members. Additionally, as Defendant concedes, the EEOC may seek relief for other similarly aggrieved females if they experienced any harassment within the 300 day period preceding Lozano's charge under the Ninth Circuit's single-filing rule, which is the case here. Finally, the aggrieved class members' claims are timely under the continuing violation rule. This Court should deny Defendant's motion to dismiss so that the parties may proceed to discovery.

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 2 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

This Court should also deny Defendant's alternative motion for a more definite statement because the EEOC's Complaint contains an abundance of intelligible information supporting its allegations that Lozano and a class of aggrieved females were subjected to harassment by Defendant. Defendant's argument that it is not reasonably able to respond to the EEOC's Complaint strains credulity.

## II. FACTUAL BACKGROUND

**A. Lozano's January 5, 2022, EEOC Charge and the EEOC's Determination of Reasonable Cause.**

Lozano filed an EEOC Charge on January 5, 2022, alleging that male clerk G.T. sexually harassed her and other female employees. Specifically, Lozano stated that on a regular basis at Defendant's Richland store starting from May 2021, G.T. made unwelcome advances towards her, including "wolf whistling at me, calling me beautiful in June 2021 . . . staring at me, and following me from work on multiple occasions." (ECF No. 5-2, at 2). Lozano explicitly stated in her EEOC Charge, **"[G.T.] has exhibited similar behavior to other female employees in addition to the sex-based and sexual harassment to which he subjected me, but management did not stop the behavior**." *Id.* (emphasis added).

After investigating, the EEOC issued an Amended Determination August 24, 2023, finding reasonable cause that Lozano was subjected to sexual harassment by a male coworker and that the same male coworker had sexually harassed a class of similarly situated female employees from May 2014 to December 2021. (ECF No. 5-2, at 22-23). The EEOC further determined Respondent knew or should have known about the sexual harassment but failed to take prompt, effective action to stop the harassment in violation of Title VII. *Id*. After an unsuccessful conciliation,

EEOC v. Fred Meyer Stores, Inc.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT
Page 3 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

the EEOC filed this enforcement action against Defendant on behalf of Lozano and a class of similarly aggrieved female employees who had been subjected to unlawful harassment because of sex (female). (ECF No. 1, at 2:11-14).

**B. EEOC's Complaint Contains Detailed Information About the Harassment Suffered by Class Members and Defendant's Failure to Stop the Harassment.**

The EEOC's Complaint specifically describes harassment victims by job title, time frames of the harassment they endured, identifies the male who harassed his female coworkers, describes his conduct, recounts each victim's complaints to management, and Defendant's response, if any. Regarding the dates of the harassment, the Complaint alleged that the male Clerk sexually harassed: (1) a female Apparel Manager from 2017 through 2021;[1] (2) a 17-year old female Apparel Associate from 2017 through 2021; (3) a female Hardline Clerk in March 2021; (4) Lozano from May 2021 to December 2021; (5) a female Apparel Clerk from August 2021 to December 2021; and (6) a female closing manager from fall 2021 to December 2021. (ECF No. 1, at 6:3 through 10:13, at 11:11 through 12:10).

**III. THE APPLICABLE LEGAL STANDARDS**

**A. The Notice Pleading Standard on a Motion to Dismiss.**

To survive a 12(b)(6) motion, complaints are only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a). Rule 8(a) "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that

---

[1] She also witnessed the male Clerk harassing Lozano in July 2021, and she complained to store management on Lozano's behalf. (ECF No. 1, ¶ 32).

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 4 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

discovery will reveal evidence" to support the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007). The Supreme Court stated, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also UFCW v. Emmons*, No. 2:22-cv-0272-TOR, 2023 WL 3690088 * 2 (E.D. Wash. May 26, 2023) ("A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). However, the complaint need not include every fact necessary for plaintiff to carry its burden. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510-11 (2002); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden."); *see also EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 641-42 (9th Cir. 2019) (reversing the trial court's dismissal because the EEOC made sufficient factual allegations to make a plausible claim of liability).

### B. A Motion for Definite Statement is Improper When the Complaint is Intelligible.

A motion for a more definite statement under Rule 12(e) must be considered in conjunction with the liberal pleading standards of Rule 8(a)(2), the purpose of which is to give a defendant fair notice of the claim and the grounds upon which its rests. Rule 8(a)(2) (a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Twombly*, 550 U.S. at 555. A court may order a more definite statement when a pleading is "so

EEOC v. Fred Meyer Stores, Inc.
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 5 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor and are rarely granted. Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substances of the claims asserted." *Tinsley v. Am. Fam. Connect Prop.*, 2022 WL 18675993, *3 (E.D. Wash. July 14, 2022). "If the detail sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied." *Peng Chan v. Time Warner Inc.*, No. 5:16-CV-06268-EJD, 2017 WL 116500157, at *1 (N.D. Cal. June 20, 2017) (citations omitted).

### III.    ARGUMENT

#### A.    The Ninth Circuit Has Conclusively Stated the Limitations Period for an EEOC Class Action Starts 300 Days from the Charge.

Title VII requires that a "charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful practice occurred." 42 U.S.C. §2000 e-5(e)(1). The Ninth Circuit has unequivocally stated that the EEOC may seek relief for each discrimination victim in a class if she was harmed at any point during the 300 day period preceding the date of the EEOC charge. *Geo Group,* 816 F.3d at 1203 (quoting 42 U.S.C. §2000 e-5(e)(1)). Further, a discrimination victim may participate in a class case and obtain relief even though she may not have filed an EEOC charge herself under the single-filing rule, *i.e.*, the class member "'piggyback[s] onto the timely charge filed by another plaintiff for purposes of exhausting administrative remedies." *Geo Group*, 816 F.3d at 1202. The Supreme Court held, "[F]ull relief under Title VII 'may be awarded on a class basis . . . without exhaustion of administrative procedures by the unnamed class

EEOC v. Fred Meyer Stores, Inc.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT
Page 6 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

members.'" *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 389 n. 6 (1977) (quoting *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 414 n. 8, (1975)).

Defendant's argument that the limitations period starts upon notice of an expanded investigation is contrary to the Ninth Circuit's decision in *Geo Group*. In *Geo Group*, the Ninth Circuit held that the limitation period for class actions for the EEOC starts 300 days prior to the EEOC charge. *Id.* Defendant citation to *Geo Group*, 816 F.3d at 1202, purposefully ignores the full import of the Ninth Circuit's decision concerning the starting date of the 300 day limitations period. (ECF No. 5, at 9:1-5). Rather, Defendant argues, contrary to the holding in *Geo Group*, the 300 day time bar runs from the date the EEOC notifies the employer that it is expanding the investigation to cover other aggrieved individuals. (ECF No. 5, at 9:20-23). There is no Ninth Circuit authority supporting Defendant's attempt to countermand the clear holding in *Geo Group*. Defendant's failure to fully acknowledge the holding in *Geo Group* defeats this ill-advised motion to dismiss.

Defendant ignores the principle holding in *Geo Group*, which is binding Ninth Circuit precedent, and instead relies on factually distinguishable non-controlling cases. For instance, Defendant cites to *Optical Cable*, 169 F. Supp.2d 539 (W.D. Va. 2001), which is distinguishable because in that case the court did not articulate sound legal rationale for concluding that the date of filing for the limitations period should match the date that the defendant was informed of an expanded investigation and denied the motion to dismiss. Additionally, that case (1) focused on discrete employment actions like failure to hire Blacks, or segregating females into lower paying jobs; (2) did not involve claims of harassment which can occur over an extended period of time; and (3) could not benefit from the Supreme Court's careful analysis of the timeliness of hostile work

EEOC v. Fred Meyer Stores, Inc.
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 7 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

environment claims in *Morgan* because *Optical Cable* was decided a year before *Morgan*. *Id*. at 550; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Defendant's citation to *EEOC v. Army Sustainment, LLC*, No. 20-CV-234-RAH-CWB, 2023 WL 6276341, at *4 (M.D. Ala. Sept. 26, 2023) is similarly misplaced and supports the EEOC's position. In that case, the court found that the limitations period started from the date of filing of the earlier of two charges even though it did not mention other aggrieved employees, not the date of the EEOC's determination. *Id.* at 7. Here, Lozano's charge describes a class of similarly aggrieved female employees. Thus, *Army Sustainment* is inapposite because the charge that was the basis of the court's decision did not contain class allegations, which is not the case here. Lozano's charge explicitly makes classwide allegations.

**B.     Lozano's January 5, 2022, Charge Put Defendant on Notice of Class Allegations.**

The plain language in Lozano's January 5, 2022, EEOC charge put Defendant on notice that the male clerk had also sexually harassed other female employees at the Richland store. Lozano's EEOC charge stated that G.T. sexually harassed her on a "regular basis" starting from around May 2021, and [G.T.] has "**exhibited similar behavior to other female employees** in addition to the sex-based and sexual harassment to which he subjected me, but management did not stop the behavior." (*See* ECF No. 5-2, at 2-3) (emphasis added).

Even if the plain language of Lozano's January 5, 2022, EEOC charge is disregarded, a plaintiff may maintain a class action even if class claims are not raised in the administrative charge as the Ninth Circuit held in *Geo Group*. *Geo Group*, 816 F.3d at 1204 ("a single charge of discrimination may be sufficient to put an employer on notice that additional people may be subject to the same unlawful practices."). The court explained that plaintiff could maintain a class

EEOC v. Fred Meyer Stores, Inc.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT
Page 8 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

action even if the EEOC charge on its face did not explicitly raise class discrimination because "it is plain that an EEOC investigation of class discrimination could reasonably be expected to grow out of the allegations in the charges." *Id.* (citing *Paige v. Cal.*, 102 F.3d 1035, 1042 (9th Cir. 1996)). Lozano's charge is more than sufficient to have put Defendant on notice of classwide allegations. Thus, the claims period runs from the date of Lozano's January 5, 2022, EEOC Charge. Moreover, in *Geo Group*, the Ninth Circuit also held that the district court erred by requiring aggrieved employees to allege an act that occurred within the 300 days before the reasonable cause determination. 816 F.3d at 1203. The Court elucidated: "Nothing in the text of [Title VII] supports the district court's imputation of the employee's time limit into the EEOC's duty to notify the employer of the results of its investigation." *Id.* As such, the proper limitations period is 300 days preceding January 5, 2022 (or March 11, 2021), **not** the date of Plaintiff's reasonable cause determination.

C.  **The Court Should Deny Defendant's Motion to Dismiss the Similarly Aggrieved Female Employees Because the Complaint Pleaded Sufficient Facts to Establish Timeliness.**

This Court should deny Defendant's motion to dismiss certain female class members based on timeliness because the EEOC's Complaint sets forth a timely instance of sexual harassment within the 300 day limitations period. The Ninth Circuit held that "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)). A motion to dismiss based on the running of the statute of limitations can only be granted if the complaint's assertions, read liberally, would

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 9 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

not permit the plaintiff proceed with a timely action. *Palacios v. Interstate Hotels & Resorts, Inc.*, 2021 WL 4061730, *2 (N.D. Cal. Sept. 7, 2021). Thus, if a statute of limitation defense "turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding." *Id.* (internal citation omitted).

Here, all potential class members have alleged harassment within the 300 day period prior to Lozano's charge dated January 5, 2022 (which would encompass any act on or after March 11, 2021): (1) the female Apparel Manager was directly harassed by the male clerk from 2017 through 2020 (ECF No. 1, ¶¶ 16-18), and she witnessed and reported him harassing Lozano in July 2021 (¶ 32);[2] (2) the 17-year old female Apparel Associate was sexually harassed by male Clerk G.T. from 2017 through 2021 (ECF No. 1, ¶¶ 20-22)); and (3) the female Hardline clerk was harassed by G.T. in March 2021 (ECF No. 1, ¶¶ 23-25). The EEOC only needs to plead facts showing that a claimant "[has] been discriminated against during the limitation period **or was a member of a group exposed to discrimination during that time**." *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1442-43 (9th Cir. 1984) (emphasis added). The EEOC's factual claims in the Complaint, which the Court must accept as true, are more than sufficient to defeat Defendant's motion and proceed to engage in discovery. Dismissal of any EEOC class member at this juncture prior to discovery would be improper. Additionally,

---

[2] The Apparel Manager's witnessing of G.T. harassing Lozano can contribute to the cumulative harassment she experienced beginning in 2017. *See Dominguez-Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005) ("a plaintiff may establish violation of Title VII, even if such hostility was not directly targeted at the plaintiff") (citing to *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1117 (9th Cir. 2004)).

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 10 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

at this stage, the EEOC is not required to definitively prove each claimant's entitled to relief. *Swierkiewicz*, 534 U.S. at 510-11. Thus, the Court should deny Defendant's motion to dismiss based on its selective, misconstruing of the allegations in the EEOC's Complaint.[3]

> **D.  Each of the Aggrieved Female Victims Was Harassed Within the 300 Day Period and the Continuing Violation Doctrine Allows the Court to Consider Harassment that Each Female Experienced Before that Period.**

A single act of harassment within the 300 day period allows a court to consider all other acts for that individual that comprise the hostile work environment. The Supreme Court has held that a hostile work environment claims differ from discrete acts of discrimination, stating, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,'" and "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Morgan*, 536 U.S. at 117; *see also* 42 U.S.C. §2000 e-5(e)(1).

---

[3] Defendant's motion to dismiss is also a premature motion for partial summary judgment, before the EEOC has the full opportunity to conduct discovery. The timeliness of certain claimants is an underdeveloped fact issue for which discovery is required and not appropriate for resolution through a 12(b)(6) motion. Contrary to Defendant's claim in n. 6 of its motion (ECF No. 5, at 14, which is single-spaced contrary to LCivR 10), the EEOC is not required to plead and prove a *prima facie* case of harassment for each similarly aggrieved female in order to state a claim. The EEOC's Complaint more than meets Rule 8(a)'s low threshold.

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 11 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

Defendant's argument that the continuing violation doctrine cannot save time barred parties falls flat because each of the aggrieved female employees in the EEOC's Complaint has alleged an occurrence of harassment within 300 days of Lozano's charge, which encompasses earlier acts of harassment. According to the Supreme Court, "[i]t does not matter . . . that some component acts of the hostile work environment claim fall outside the statutory time period" as to any claimant because each claim is "based on the cumulative effect of individual acts" suffered by that employee. *Morgan*, 536 U.S. at 117. Each of the aggrieved female employees in this case has a timely claim because they all experienced at least one instance of discrimination after March 11, 2021, the 300 day period preceding Lozano's EEOC Charge. (ECF No. 1, ¶¶ 16-18, 19, 32, 20-22, and 23-25). Thus, this Court may consider all instances of harassment by G.T. including those that occurred prior to March 11, 2021, as part of a single unlawful employment practice against each female victim because of the continuing violation doctrine.

Defendant's citation to unpublished decisions *EEOC v. Discovering Hidden Hawaii Tours, Inc.*, No. 17-00067 DKW-KSC, 2017 WL 4202156 (D. Haw. Sept. 21, 2017), and *EEOC v. Freeman*, No. RWT 09cv2573, 2010 WL 1728847 (D. Md. Apr. 27, 2010), miss the mark. Both of these cases hold that the continuing violation theory does not permit the inclusion of time-barred parties, **which is inapplicable here because none of the aggrieved employees are time-barred**. In addition to being outside the Ninth Circuit, *Freeman* addressed discrete hiring decisions that are completely distinguishable from the hostile work environment claim addressed by *Morgan* and the instant case. Per the EEOC's Complaint, each of the female aggrieved female employees either directly was subjected to sexual harassment by G.T. or witnessed G.T. openly harassing another female at the Richland store within the 300 day period preceding Lozano's January 5, 2022,

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 12 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

EEOC charge. Thus, the findings in *Discovering Hidden Hawaii Tours* and *Freeman* concerning time-barred parties have no bearing on the timeliness of each similarly aggrieved female described in the EEOC's Complaint.

E.  **Alternatively, The Court Should Allow the EEOC Leave to Amend its Complaint Before Dismissal.**

Should the Court elect to grant Defendant's motion to dismiss, EEOC requests that the Court grant leave to amend the complaint under Rule 15(a)(2). Such leave is freely granted in the Ninth Circuit unless "it is clear that granting leave to amend would have been futile." *Lathus v. City of Huntington Beach*, 56 F.4th 1238 (9th Cir. 2023) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). Defendant also refers to Rule 12(f), a motion to strike, but does not specify what part of the EEOC's Complaint constitutes "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The EEOC opposes any Rule 12(f) motion as well, and would request that this Court deny this request as unsupported.

F.  **EEOC Has Adequately Pled Its Claims so This Court Should Deny Defendant's Motion for a More Definite Statement.**

This Court should also deny Defendant's motion for a more definite statement because the EEOC's Complaint has provided fair notice to Defendant of the factual basis of Plaintiff's claims. Such a motion is proper only when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2d ed.) § 1376 (the pleading must be "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to [itself]."). This Court has held, "Motions for a more definite statement are viewed with disfavor and are rarely

EEOC v. Fred Meyer Stores, Inc.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT
Page 13 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

granted. Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Tinsley v. Am. Fam. Connect Prop.*, No. 2:22-CV-0099, 2022 WL 18675993, * 3 (E.D. Wash. July 14, 2022). If Defendant is merely seeking additional detail via a motion for definite statement, that is obtainable through discovery, the Court should deny such a motion. *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). Where a Court has already determined that a complaint has met the minimum pleading standards required by Fed. R. Civ. P. Rule 8(a)(2) to survive a motion to dismiss under Rule 12(b)(6), it may rely on the same findings to deny a motion under Rule 12(e). *Ariz. Bd. of Regents v. Sportswear, Inc.*, No. 2:21-CV-0135, 2022 WL 1432535, * 10 (E.D. Wash. May 5, 2022).

      Here, Defendant's request under Rule 12(e) does not claim EEOC's Complaint is unintelligible. Instead, Defendant contends the EEOC's Complaint lacks "specificity," including "basic information about the alleged aggrieved employees." (ECF No. 5, 14:14-15, 15:10-14). As detailed above, the EEOC has adequately pled its class claims. The EEOC has provided specific factual allegations to support a plausible claim for relief by providing details concerning sexual harassment against Lozano and a class of similarly aggrieved female employees. (ECF No. 1, at 6:3-9, 6:18-22, 7:7-10, 7:19-8:12, 7:17-20, 9:19-25, 11:15-18, 12:1-6). The EEOC's Complaint also details the numerous reports Defendant received concerning G.T.'s conduct and its failure to promptly respond and effectively stop him. (ECF No. 1, at 6:10-17, 7:1-6, 7:11-18, 9:9-18, 10:6-18, 11:4-14). Thus, for the same reasons that this Court should deny Defendant's motion to dismiss, it should deny Defendant's motion for a more definite

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 14 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

statement. The EEOC's Complaint is intelligible, and the Defendant concedes as much by arguing the EEOC's claims lack specificity.[4]

Additionally, Defendant's citations do not support its motion for a more definite statement. *EEOC v. Pioneer Hotel, Inc.*, No. 2:11-CV-01588, 2013 WL 3716447 (D. Nev. July 15, 2013) discussed a court's denial of an employer's motion to dismiss under Rule 12(b)(6) and did not concern a motion under Rule 12(e). Here, EEOC has already set forth detailed allegations that go far beyond the minimum standard of laying out a short and plain statement of the claim showing that it is entitled to relief. Also, *EEOC v. JBS USA, LLC*, No. 8:10-CV-318, 2015 WL 4506709 (D. Neb. July 24, 2015) concerned motions brought under Rule 12(b)(6) and 12(c), **not** Rule 12(e). Defendant's citation to *JBS USA* is disingenuous. *JBS USA* is procedurally inapposite because in that case the court was considering the sufficiency of the EEOC's complaint in Phase II to provide damages relief to individual claimants in a pattern and practice case, five years into the lawsuit after the conclusion of Phase I discovery and trial. *Id.* at 1. The pertinent standard for moving for a more definite statement is whether Defendant cannot reasonably prepare a response because the Complaint is so vague or ambiguous under 12(e), which Defendant does not claim. Because Defendant makes no claim that the EEOC's Complaint is unintelligible, this Court should deny Defendant's motion for a more definite statement.

---

[4] Defendant's motion to dismiss and motion for an alternative statement incorrectly attempt to hold Plaintiff to the standard on a motion for summary judgment. (ECF No. 5, at 14 fn. 6). Plaintiff is not required to plead a *prima facie* case of discrimination in the Complaint. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002). Defendant's contrary argument is plainly wrong.

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 15 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

      Defendant's citation to *EEOC v. Il Fornaio (Am.) LLC*, No. 2:22-cv-05992, 2024 WL 4003318, at *4 (C.D. Cal. April 3, 2024) is distinguishable on its facts. Defendant omitted the fact that the court in that case granted a Rule 12(e) motion because that complaint lacked information regarding (1) which of defendant's locations were implicated, (2) roles the aggrieved employees had, (3) divisions where the harassers worked, (4) approximate time frames aggrieved individuals worked for defendant and (5) identification anonymously of even one claimant other than the charging party. Here, the EEOC's Complaint more than satisfies these requirements because it contains information in all five categories. For example, the EEOC's Complaint contains allegations concerning Defendant's Richland location, the job titles of aggrieved employees and the sexual harasser, and the approximate dates during which Lozano and other similarly situated aggrieved employees suffered sexual harassment during their employment. (*See* ECF No. 1, at 5:10-16, 6:3-9, 6:18-22, 7:7-10, 7:19-24, 11:15-19, 12:1-6). Because Plaintiff has adequately pled the factual basis of its claims against Defendant, this Court should deny Defendant's motion for a definite statement.

## IV.   CONCLUSION

      In short, the four corners of the EEOC's Complaint, taken as a whole, sufficiently pleads facts showing that the claims of the similarly aggrieved individuals who were subjected to a hostile work environment are timely. For the foregoing reasons, Plaintiff EEOC respectfully requests this Court deny Defendant's motion to dismiss and motion for a definite statement. Alternatively, the EEOC requests the opportunity to amend its Complaint.[5]

---

[5] Defendant's motion to dismiss, or alternatively, motion for a more definitive statement appears not to comply with LCivR 10 because it contains approximately 4,957 words, while purporting

EEOC v. Fred Meyer Stores, Inc.
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 16 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

DATED this 21st day of October 2024

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| DAMIEN A. LEE<br>Assistant Regional Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| BRIAN HONG<br>Senior Trial Attorney | |
| CLIVE PONTUSSON<br>Trial Attorney | |

BY: <u>/s/Brian Hong</u>
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

| | |
|---|---|
| 909 First Avenue, Suite 400<br>Seattle, WA 98104-1061<br>Telephone (206) 576-3011<br>Facsimile (206) 220-6911 | Office of the General Counsel<br>131 "M" Street NE<br>Washington, D.C. 20507 |

Attorneys for Plaintiff EEOC

---

to be only sixteen (16) pages long. Yet Defendant's motion contains significantly more text than the EEOC's opposition of fifteen pages in compliance with LCivR 7(4)(1) and (4). EEOC respectfully suggests that Defendant cure this apparent defect to confirm whether its filing meets the 20-page requirements of LCivR 7(f)(1).

EEOC v. Fred Meyer Stores, Inc.
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT
Page 17 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

DATED this 21st day of October, 2024.

/s/ Jimmy Yen
Jimmy Yen
Paralegal Specialist
Equal Employment Opportunity Commission
909 First Ave., Suite 400
Seattle, Washington 98104
Telephone: 206-576-3043
Fax: 206-576-3043
Email: Jimmy.Yen@eeoc.gov

**EEOC v. Fred Meyer Stores, Inc.**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**
Page 18 of 18

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882