Barry Hartstein, *admitted pro hac vice*
bhartstein@littler.com
LITTLER MENDELSON, P.C.
321 N Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.795.3260

Megan J. Crowhurst, Bar No. 50795
mcrowhurst@littler.com
Anne E. Reuben, Bar No. 53299
areuben@littler.com
Christine E. Sargent, Bar No. 61088
csargent@littler.com
LITTLER MENDELSON, P.C.
600 University Street
One Union Square - Ste 3200
Seattle, WA 98101
Telephone: 503.221.0309

Attorneys for Defendant
*Fred Meyer Stores, Inc.*

The Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FRED MEYER STORES, INC., <br><br> Defendant. | Case No. 4:24-cv-5085 <br><br> **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR MOTION FOR A MORE DEFINITIVE STATEMENT** <br><br> Noted for Hearing: <br> November 19, 2024 |

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

## I.   INTRODUCTION

The EEOC's "class claims" based on alleged acts that occurred more than 300 days before the EEOC gave notice to Fred Meyer that it was expanding its investigation to encompass "similarly aggrieved" female employees should be dismissed as untimely. Alternatively, the EEOC's "class claims" based on alleged acts that occurred more than 300 days before Charging Party Melissa Lozano ("Lozano") filed her Charge should be dismissed for the same reason. Despite the EEOC's request that this Court ignore its hasty, non-compliance with procedural requirements, the EEOC's Opposition to Defendant's Motion to Dismiss or Motion for a More Definite Statement ("Opposition") fails to justify why the underlying *individual* Charge forms adequate grounds to expand the claims into a lawsuit on behalf of an unidentified class of aggrieved female employees.

First, the EEOC's reliance on *Arizona v. Geo Group, Inc.* as "conclusive[]" authority that the limitations period for EEOC class claims starts 300 days from the Charge is misplaced.  The Ninth Circuit in *Geo Group* was clear that in order for that limitation period to apply, the employer must have "adequate notice" of class allegations from the charge. Fred Meyer never received such notice until the EEOC issued an *Amended* Determination on August 24, 2023. To be clear, the EEOC's investigation of Lozano's Charge was solely limited to her individual claims of

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT - 1

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

discrimination. In fact, the EEOC's initial Determination did not even include any reference to class allegations at all.  Because the first notice of class allegations did not occur until August 24, 2023, claims that arose 300 days prior to what would be considered "adequate notice" of expanded class claims are time-barred.

Second, should the Court conclude that Lozano's Charge put Fred Meyer on notice of potential class claims, the cases cited in the Opposition concur that the 300-day statute of limitations applies to the class claims here. Thus, the claims in the lawsuit must be limited to only those that occurred 300 days before the filing of the Charge, *i.e.,* March 11, 2021.  The EEOC's attempt to leapfrog over the limited time period covered by the Charge and the scope of the EEOC's Amended Determination is unsupported by the law under these circumstances. Moreover, as the EEOC concedes, the continuing violation theory does not revive other employees' claims for conduct that occurred prior to that date.

Third, the EEOC's Complaint fails to provide Fred Meyer with sufficient facts to understand what it is defending against or frame the scope of discovery. The Complaint allegations do not explain the severity and pervasiveness of the conduct directed at each referenced class member, nor do they specifically state if and when the class member complained about the alleged conduct and if the conduct continued thereafter. These facts are critical and required under federal pleading standards.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT - 2

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

Under the circumstances, the Court should dismiss the EEOC's claims brought on behalf of a "class of similarly aggrieved female employees" as time-barred, or in the alternative, require the EEOC to provide a more definitive statement specifying the scope of the conduct, the dates on which it occurred, and the severity and pervasiveness of the alleged conduct.

## II.   LEGAL ARGUMENT

### A.   The Ninth Circuit acknowledged in *Geo Group* that the charge must put the employer on "adequate notice" of class allegations for the broader limitations period to apply.

The EEOC devotes considerable attention to *Arizona v. Geo Group, Inc.*, 816 F.3d 1189 (9th Cir. 2016), *cert. denied*, 580 U.S. 1048 (2017). Its reliance on *Geo Group, Inc.* is misplaced. Fred Meyer does not dispute that the Ninth Circuit held that the limitation period for class actions for the EEOC starts 300 days prior to the EEOC charge. *See Geo Group, Inc.,* 816 F.3d at 1201. However, that ruling is based on an EEOC charge that provided the employer "adequate notice" of potential class allegations. *Id*. at 1196. Fred Meyer also does not dispute that "a single charge of discrimination ***may*** be sufficient to put an employer on notice that additional people may be subject to the same unlawful practices." *Id*. at 1203. Emphasis added. But here, Lozano's Charge did not put Fred Meyer on "adequate notice."

During the administrative proceedings underlying *Geo Group, Inc*., the EEOC

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT - 3

conducted an investigation into "similarly-aggrieved females" who alleged they were "subjected to different terms and conditions of employment, including harassment and retaliation." *See id*. at 1196. As part of the investigation, the EEOC collected documentation regarding previous investigations of sexual harassment, spoke with other individuals who either witnessed or complained about harassment, and subpoenaed and interviewed multiple employees "who identified additional female employees as potential aggrieved employees." *Id*. at 1195. Ultimately, the EEOC concluded that reasonable cause existed "that [Geo Group, Inc.] did not take reasonable steps to prevent and correct harassment in the workplace and subjected females to different terms and conditions of employment." *Id*.

The *Geo Group, Inc*. case cites *Lucky Stores, Inc. v. EEOC*, where the Ninth Circuit held that the EEOC "could bring claims on behalf of employees … where the employer had 'adequate notice.'" *Geo Group, Inc*., 816 F.3d at 1204; *see also Lucky Stores, Inc. v. EEOC*, 714 F.2d 911, 913 (9th Cir. 1983) ("[Defendant] received adequate notice during administrative investigation of the substance of the issue subsequently raised.") (quotation marks and citations omitted). In *Lucky Stores, Inc.,* the EEOC determined, through its investigation, that a class of women had been subjected to sex-based discrimination, and the employer was put on notice of the EEOC's investigation into those claims. *Lucky Stores, Inc.,* 714 F.2d at 912. The Court

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT - 4

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

concluded, based on *EEOC v. Occidental Life Ins. Co. of Calif.*, 535 F.2d 533 (9th Cir. 1976), that the employer had received "adequate notice that its general warehouse and hiring and firing practices were being investigated." *Id.*

Here, contrary to *Geo Group, Inc.* and *Lucky Stores, Inc.*, the EEOC never conducted a class-wide investigation (or put Defendant on notice of it doing so). The EEOC's claim that "Lozano's charge explicitly makes classwide allegations" greatly exaggerates what the Charge actually says, *i.e.*, "In fact, Templeton has exhibited similar behavior to other female employees in addition to the sex-based and sexual harassment to which he subjected me, but management did not stop the behavior." That language is insufficient to put Fred Meyer on notice of the EEOC's intent to bring class-wide claims. More importantly, the EEOC's subsequent investigation into Lozano's Charge never resulted in a more expansive investigation that explored the claims of these unidentified "female employees." Indeed, even the EEOC's initial Determination contemplated only findings relating to Lozano—not an entire class of individuals. The first and only notice that the EEOC might be pursuing class claims was in the Amended Determination on August 24, 2023, in what appeared to be an after-thought given the lack of investigation into class-wide claims.

Because the first "adequate notice" occurred on August 24, 2023, claims that arose prior to October 28, 2022 are time-barred. *See EEOC v. Optical Cable Corp.*,

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT - 5

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

169 F. Supp. 2d 539, 547 (W.D. Va. 2001) (citing *EEOC v. General Elec. Co.*, 532 F.3d 359, 371 (4th Cir. 1976)); *EEOC v. Freeman*, Case No. RWT 09CV2573, 2011 WL 337339, at *4 (D. Md. Jan. 13, 2011); *see also EEOC v. Army Sustainment, LLC*, No. 1:20-CV-234-RAH-CWB, 2023 WL 6276341, at *4 (M.D. Ala. Sept. 26, 2023) (concluding that the statute of limitations began to run 180 days prior to the filing of the earliest "representative charge" because EEOC informed defendant that it was basing pattern and practice claims on that charge).

> **B.    Alternatively, claims that arose more than 300 days prior to the filing of the Charge are time-barred.**

To the extent the Court finds that the EEOC is entitled to a broader statute of limitations than one that was triggered by the date that Fred Meyer first received notice of class-wide allegations, the Court should at the very least limit the claims to only those employees who experienced unlawful conduct on or after March 11, 2021, *i.e.*, 300 days before the filing of the Charge. Multiple district courts around the country agree, including those in the Ninth Circuit. *See, e.g., EEOC v. Discovering Hidden Haw. Tours,* Civ. No. 17-00067 DKW-KSC, 2017 WL 4202156, *9-10, 13 (D. Haw. Sept. 21, 2017). In *Discovering Hidden Haw. Tours*, the District of Hawaii rejected the EEOC's argument that the continuing violation doctrine covered individuals who

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT - 6

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

did not suffer alleged harassment within the 300-day statute of limitations.[1] *Discovering Hidden Haw. Tours*, 2017 WL 4202156, at *5 ("[T]he continuing violation doctrine properly applies to include only the additional, otherwise time-barred claims of aggrieved individuals who suffered at least one unlawful employment action within 300 days of the filing of the Charge, but does not permit the inclusion of employees who did not themselves suffer any unlawful employment practice within that 300-day period."); *see also EEOC v. FAPS, Inc.*, No. 10-3095 (JAP)(DEA), 2014 WL 4798802 (D.N.J. Sept. 26, 2014) ("Section 706(e)(1) clearly precludes the EEOC from seeking relief for individuals who could not have filed an EEOC charge during the filing period."); *EEOC v. PBM Graphics Inc.*, 877 F. Supp. 2d 334, 353-54 (M.D.N.C. 2012) ("[T]he EEOC may not seek relief on behalf of individuals who allegedly suffered discrimination more than 180 days prior to the filing of the EEOC's charge, and the continuing violation doctrine, which revives stale claims, not stale parties, is inapplicable … at least for individuals who suffered discrimination entirely

---

[1] Like *Geo Group, Inc.*, the EEOC put Discovering Hidden Hawaii Tours on notice about the class claims during the course of the EEOC's investigation of the charge, during which it investigated the claims of other employees. *See Discovering Hidden Haw. Tours*, 2017 WL 4202156, at *1. That is not what happened here.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT - 7

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

outside of the statutory period, unless the worker also experienced discrimination within the statutory period."). The cases cited in the Opposition support this time limitation as well. *See* Opp., at 10-11 (citing *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1442-43 (9th Cir. 1984) ("[T]he trial court was correct in establishing the starting date of the class action 300 days prior to the date [plaintiff] filed his EEOC charge.")). Thus, the claims brought on behalf of "a female Apparel Manager," "female Apparel Manager," and "female Hardline Clerk" are time-barred. *See* ECF No. 1, ¶¶ 16-25.[2]

Notably, the EEOC also does not dispute that the continuing violation doctrine does not revive stale parties. *See* Opp., at 11 ("[T]he continuing violation doctrine allows the court to consider harassment that each female experienced before that period."). Thus, to the extent the EEOC intends to expand the scope of the "similarly-aggrieved" employees beyond those specifically referenced in the Complaint, it should not be permitted to do so. At the very least, the Court should restrict the EEOC from alleging claims on behalf of unnamed parties who did not experience any

---

[2] The EEOC cites *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F3d 1027, 1036 (9th Cir. 2005). That case does not address timeliness, and does not support that the Apparel Manager's witnessing of conduct should be brought into this lawsuit.

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT - 8

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

discriminatory acts on or after March 11, 2021.

### C. If the Court does not grant the Motion to Dismiss, it should require a more definite statement.

The EEOC misinterprets Fred Meyer's request for a more definite statement. *See* Opp., at 13-16. The Complaint is inadequate because it fails to allege specificity regarding the circumstances applicable to the additional five referenced aggrieved employees. ECF No. 1, ¶¶ 16-25, 44-48. Fred Meyer is left guessing (1) what specifically happened to each of the "similarly aggrieved female employees"; (2) when and where the alleged harassment occurred; (3) who complained about the alleged harassment and to whom; and (4) what happened when those individuals complained. For Fred Meyer to properly respond to the Complaint, it needs to know the factual basis—to the extent there is any – relating to each aggrieved employee.[3]

---

[3] For Fred Meyer to be liable for conduct giving rise to a hostile environment, the EEOC must prove with respect to each aggrieved employee (1) that she was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that this conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Horne*, 816 F.3d at 1206, *citing Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000).

DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR A MORE DEFINITIVE
STATEMENT - 9

Moreover, discovery is not the answer for inadequate claims in the Complaint. *See EEOC v. Il Fornaio (America) LLC,* Case No. 2:22-cv-05992-SPG-JPR, 2024 WL 4003318 (C.D. Cal. Apr. 3, 2024)[4]; *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002) (allegations "which surfaced for the first time in plaintiff's First Amended Complaint, clearly would not have been necessary to, or addressed in, the scope of an investigation [into the underlying charge]"). At a minimum, the Court should require a more definitive statement.

### III.   CONCLUSION

Fred Meyer respectfully requests that the court grant its motion to dismiss or, in the alternative, require the EEOC to provide a more definite statement.

//

//

//

---

[4] The EEOC's attempt to distinguish *Il Fornaio* misses the point. Here, while the Complaint contains information about the location, job titles, and *approximate* time frames for *some* of the allegedly aggrieved individuals, it lacks information about the number of aggrieved employees who make up the class, the dates they actually experienced harassing conduct, or how frequently they experienced such conduct.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT - 10

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309

Dated: November 4, 2024

/s/ *Anne E. Reuben*
Anne E. Reuben, Bar No. 53299
areuben@littler.com

/s/ *Megan J. Crowhurst*
Megan J. Crowhurst, Bar No. 50795
mcrowhurst@littler.com

/s/ *Christine E. Sargent*
Christine E. Sargent, Bar No. 61088
csargent@littler.com
LITTLER MENDELSON, P.C.
600 University Street
One Union Square - Ste 3200
Seattle, WA 98101
Telephone: 503.221.0309
Facsimile: 503.242.2457

/s/ *Barry Hartstein*
Barry Hartstein, *pro hac vice pending*
bhartstein@littler.com
LITTLER MENDELSON, P.C.
321 N Clark Street
Suite 1100
Chicago, IL 60654
Telephone: 312.795.3260

Attorneys for Defendant
*Fred Meyer Stores, Inc.*

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT - 11

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, WA 98101. I hereby certify that on November 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

**Attorneys for Plaintiff**

Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
San Francisco, CA 94102

Damien A. Lee, Assistant Regional Attorney
Brian Hong, Senior Trial Attorney
Clive Pontusson, Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
brian.hong@eeoc.gov
clive.pontusson@eeoc.

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct. Executed on November 4, 2024, at Seattle, Washington.

*/s/ Karen Fiumano Yun*
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**

4860-6089-2658.3 / 108757-1026

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT - 12

LITTLER MENDELSON, P.C.
600 University Street
One Union Square – Ste 3200
Seattle, WA 98101
503.221.0309