UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FRED MEYER STORES, INC.<br><br>　　　　　Defendant. | NO. 4:24-CV-5085-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT |

BEFORE THE COURT is Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 5). The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 5) is DENIED.

## BACKGROUND

This matter arises out of an Equal Employment Opportunity Commission ("EEOC") charge alleging sex discrimination. Melissa Lozano alleged that beginning in May 2021, while she was working as an Accessories Lead/Back Up

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 1

Person In Charge in the Apparel Department in Defendant's Richland, Washington store, a Male Clerk began calling her for overrides even though they worked in separate departments. ECF No. 1 at 7, ¶ 26. The conduct allegedly escalated throughout June 2021, as the Male Clerk followed her around the store, parked near her to watch her in her car, wolf whistled at her, and called her "beautiful." *Id*. 8, ¶ 27. She told the Male Clerk that she did not appreciate his behavior, and on June 24, 2021, reported to the Assistant Store Manager and Apparel Manager that the Male Clerk's conduct made her uncomfortable. *Id*., ¶¶ 28–29.

The Complaint alleges that throughout 2021, Lozano, and others on her behalf, made at least seven additional written complaints to management about the Male Clerk's conduct toward Lozano, including hanging around the parking lot and following her by car after clocking out of work. *Id*. at 8–11, ¶¶ 31, 32, 33, 36, 38, 39 42. According to the Complaint, store management spoke with the Male Clerk twice, generally instructing him to leave Lozano alone. *Id*. at 9–10, ¶¶ 34, 37.

Also contained within the Complaint are at least five other women who allege that the same Male Clerk made sexual comments to them, or otherwise engaged in inappropriate conduct, spanning from 2017 until 2021. Id. at 6–7, 11–12 ¶¶ 16–25, 44–47. These women also lodged complaints with Defendant's management, resulting in various levels of discipline, including a temporary

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 2

1  suspension around March 2021. *Id*. at 7, ¶ 25. The Male Clerk was terminated on

2  December 9, 2021, after showing a closing manager an advertisement of a dress

3  and telling her that she would look good in it. *Id*. at 12, ¶ 48.

4      Lozano filed a Washington State Human Rights Commission charge and

5  Equal Employment Opportunity Commission ("EEOC") charge on January 5,

6  2022, detailing more fully the allegations as stated within the Complaint.[1] *Id*. at 3,

7  ¶ 6; ECF No. 5-2 at 2–3. On April 29, 2022, Defendant filed a position statement

8  denying the allegations. ECF No. 5 at 4. On August 17, 2023, the EEOC issued a

9  Determination which made a finding that Lozano was subjected to sexual

10 harassment by a male coworker from May 2021 to December 2021. *Id*. The

11 EEOC then issued an Amended Determination which stated that the Commission

12 was investigating a potential class claim. *Id*. After conciliation discussions, the

13 EEOC filed the present complaint on July 16, 2024, on behalf of Lozano and "a

14 class of similarly aggrieved female employees," pursuant to 42 U.S.C. §§ 2000e-

15 5(f)(1) and (f)(3). *Id*. at 5; ECF No. 1 at 3, ¶ 3.

---

[1] The Court may consider the EEOC charge as incorporated to the Complaint by reference without converting this Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss into a Rule 56 Motion for Summary Judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 3

Defendant has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b) and 12(f), arguing that the EEOC cannot maintain a class action lawsuit on behalf of the similarly aggrieved women, as such claims are irreparably time barred. ECF No. 5 at 8, 12. Alternatively, Defendant requests the Court order a more definite statement under Federal Rule of Civil Procedure 12(e) to clarify when and how often the conduct giving rise to other claims occurred, and how many individuals make up the class. *Id*. at 13–14.

## DISCUSSION

### I. Motion to Dismiss and Motion to Strike Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of

material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

Pursuant to Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, the Ninth Circuit has held that Rule 12(f) is typically not a proper method for dismissal of all or part of a complaint. *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (citing 5 Wright & Miller, Fed. Prac. & Proc. § 1380, at 782

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 5

(1969)); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

## II. Statute of Limitation

Defendant argues that it was not given notice of the class of similarly situated women until August 24, 2023, too far removed from the incidents of which they complain, and thus such claims are barred. Title VII of the Civil Rights Act requires that "[a] charge shall be filed by or on behalf of the person aggrieved within three hundred [ (300) ] days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). For allegations that contain a theory of hostile work environment that is continuing in nature, an employee must allege at least one discrete act occurring within the 300–day timeframe. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 892 (9th Cir.2004) (citing *Nat'l R.R. Passenger v. Morgan*, 536 U.S. 101, 114 (2002)). Typically, a failure to file a charge within the relevant 300–day period bars the employee from bringing a lawsuit. *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1442 (9th Cir.), *modified*, 742 F.2d 520 (9th Cir. 1984). However, the Ninth Circuit recognizes a "piggybacking" rule, whereby employees who did not file a charge within the relevant timeframe may join a timely filed claim brought on behalf of aggrieved employees, subjecting these claims to the same 300-day limitation. *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016); *Domingo*, 727 F.2d at 1442. The ability to

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 6

1  piggyback on the original date of filing is only available when the claims of the
2  purported class are expressed in or may be implied from the original filing. *Geo*
3  *Grp., Inc.*, 816 F.3d at 1204.
4      The question is whether the date of filing of Lozano's EEOC charge
5  preserves the 300–day limited period for the other similarly situated women.
6  Defendant argues that it was not made aware that it would need to defend against a
7  class of similarly situated employees until August 24, 2023, and thus all claims of
8  conduct occurring before October 28, 2022, 300-days prior, should be time barred.
9  *See E.E.O.C. v. Optical Cable Corp.,* 169 F. Supp. 2d 539, 547 (W.D. Va. 2001).
10 Here, the language of Lozano's claim states, "[i]n fact, [the Male Clerk] has
11 exhibited similar behavior to other female employees in addition to the sex-based
12 and sexual harassment to which he subjected me, but management did not stop the
13 behavior." ECF No. 5-2 at 2–3. This plain language places Defendant on notice
14 that additional individuals allege exposure to similar conduct as Lozano alleged.
15 *See Geo Grp., Inc.*, 816 F.3d at 1203; *Paige v. State of Cal.,* 102 F.3d 1035, 1042
16 (9th Cir. 1996) (internal citations omitted) ("[E]ven if neither the EEOC nor the
17 DFEH charges on their face explicitly alleged class discrimination, it is plain that
18 an EEOC investigation of class discrimination on the basis of race *could*
19 *reasonably be expected* to grow out of the allegations in the charges."). Therefore,
20 claims that do not include a discrete act occurring on or after March 11, 2021, 300

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 7

days before the date of Lozano's filing, are time barred. *Geo Grp. Inc.,* 816 F.3d at 1204 n.10 ("We hold only that in an EEOC class action, the claims of individuals may not be dismissed if they have alleged an act of misconduct within the 300 days prior to the filing of the initial employee's charge.").

However, the Court declines to dismiss any party as premature prior to discovery. While true that the dates as pleaded would place at least one potential class member outside of the relevant timeframe, enough information is contained in the Complaint to allow for a reasonable inference that she may have had interactions with the Male Clerk beyond the 2020 timeframe. ECF No. 1 at 6, ¶¶ 16, 19. The remaining potential class members all allege dates of harassment into 2021. *Id*. at 6, 7, 11, 12 ¶¶ 20, 23, 44, 47.

### III. More Definite Statement

Defendant argues that without providing additional identifying factors for members of the potential class, as well as the dates or frequency of the conduct, it is unable to adequately respond to the Complaint. ECF No. 5 at 14.

Under Rule 12(e), a court may order a more definite statement when a pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). An order compelling a more definite statement is appropriate when a complaint does not "adequately serve the purposes of modern-day notice pleading" embodied in Rule 8(a). *Baldwin Cnty. Welcome*

*Ctr. v. Brown*, 466 U.S. 147, 164 (1984).  A complaint must provide "a short and plain statement of the claim showing the [the complainant] is entitled to relief." *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) (internal quotation marks omitted).

In the present matter, the Complaint satisfies the requirement of a hostile work environment claim at the pleadings phase as it alleges: (1) the employee was subjected to verbal or physical contact of a sexual nature or based on her sex, (2) the conduct was unwelcome, and (3) the abusive conduct was sufficiently severe or pervasive so as to alter the conditions of her employment thus creating an abusive working environment.  *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (internal citation omitted).  Defendant does not challenge the adequacy of Lozano's claims.  As to the potential class of aggrieved employees, the Complaint alleges:

- From 2017 to 2020, the Male Clerk harassed a female Apparel Manager by asking her for inappropriate assistance during working hours, asking her to meet him outside of work, and wolf whistling at her. She reported this conduct to management. Even after she sought assistance from management, the Male Clerk continued to seek work related assistance from her.  ECF No. 1 at 6, ¶¶ 16–19.

- From 2017 through 2021, the Male Clerk harassed an Apparel

- Associate by commenting on her body, inviting her to his cabin, waiting for her after work, and following her home. She reported this conduct to management. ECF No. 1 at 6–7, ¶¶ 20–21.

- In March 2021, the Male Clerk remarked that a Hardline clerk's butt looked good, asked if she was losing weight, and pressed his hands on her apron near her genitals. After she reported this incident to management, the Male Clerk was suspended and instructed to behave professionally. ECF No. 1 at 7, ¶¶ 23, 25.

- From August 2021 until her resignation in December 2021, another Apparel Clerk complained to management that the Male Clerk made inappropriate sexual comments about how her body looked in certain clothes, stared at her, and told her she looked good. ECF No. 1 at 11, ¶¶ 44–45.

- Finally, in the fall of 2021, the Male Clerk made comments to a female Closing Manager about her appearance, leered at her, and followed her to the parking lot at night. In December 2021, the Male Clerk showed the Closing Manager an advertisement for a revealing dress and told her how good she would look in it. The Male Clerk was fired after she reported the incident to management on December 9, 2021. ECF No. 1 at 12, ¶¶ 47–48.

These allegations provided are not impermissibly vague for purposes of Rule 12(e) because each state a potential claim for relief under Title VII. The at issue Complaint does not suffer from the same deficiencies as the complaint described in *U.S. Equal Employment Opportunity Commission v. Il Fornaio (Am.) LLC*, No. 2:22-CV-05992-SPG-JPR, 2024 WL 4003318, at *4 (C.D. Cal. Apr. 3, 2024) where the court found the complaint was lacking in key subject categories including: which of defendant's locations was at issue, the roles the aggrieved employees held, the location of the divisions where the male co-workers,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 10

supervisors, and managers worked, the approximate timeframes for when the aggrieved employees worked for the defendant, and the approximate dates of complaints about the offending conduct and/or of resignation. Here, all the employees worked at Defendant's Richland location, Defendant is aware of the identity of the "Male Clerk," (ECF No. 5-2 at 2), the Complaint provides the employee's job title, and general timeframe for when the conduct occurred. The allegations as contained in the Complaint are sufficient to support the claims asserted therein at this stage of the proceeding, and define the current employees involved. More definite answers to the questions precisely when and how often the aggrieved employees experienced the complained of conduct will be developed in discovery.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 5) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 11, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT ~ 11