FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC.,<br><br>Defendant. | No. 4:24-CV-05085-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

Before the Court are Plaintiff's Motion for a Protective Order Precluding Defendant's Rule 30(b)(6) Deposition of EEOC Investigator(s), ECF No. 53, and related Motion to Expedite, ECF No. 54. The motions were heard without oral argument. Plaintiff is represented by Arthur D. Welton, Brian Hong, and Damien Lee. Defendant is represented by Barry Hartstein, Christine Sargent, Jordan Wada, Megan Crowhurst, and Rachael Curtis.

Plaintiff seeks a protective order to preclude Defendant's Rule 30(b)(6) deposition of EEOC Investigator Bryne Moore. On June 18, 2026, Defendant noted the Rule 30(b)(6) deposition of EEOC Investigator Bryne Moore or other investigator(s) for July 21, 2026.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1**

Here, as an initial matter, the Rule 30(b)(6) Notice is defective. Generally, a Rule 30(b)(6) Notice names the organization as the deponent rather than a specific individual. Fed. R. Civ. P. 30(b)(6). The organization itself then designates one or more officers, directors, or managing agents to testify on its behalf. *Id.*; *see also Risinger v. SOC, LLC,* 306 F.R.D. 655, 662 (D. Nev. 2015) (citation omitted) ("The rule "gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf.") The designated person then testifies about information known or reasonably available to the organization and their answers bind the entity. *Id.* (citation omitted) ("A Rule 30(b)(6) designee represents the corporation's position on noticed topics.). Thus, the testimony of a Rule 30(b)(6) designee represents the knowledge of the corporation, not the individual deponents. *Id*.

Defendant did not name the EEOC in its Notice, rather it identified the person it wished to depose. This is not proper under the Rule. It is up to EEOC to determine who will appear and provide the information, not Defendant. Moreover, Defendant has not identified what non-privilege and relevant information it wants to solicit from the deposition that it does not already have, what factual ambiguities need to be addressed in the deposition or why it cannot obtain substantially equivalent information by other means without undue hardship.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for a Protective Order Precluding Defendant's Rule 30(b)(6) Deposition of EEOC Investigator(s), ECF No. 53, is **GRANTED**.

//

//

//

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 2**

2.  Plaintiff's Motion to Expedite, ECF No. 54, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 12th day of August 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 3**